UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

NATHAN L.,

    Plaintiff,

vs.

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

    Defendant.

Case No. 3:20-cv-399

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**DECISION AND ENTRY: (1) AFFIRMING THE ALJ'S NON-DISABILITY FINDING; AND (2) TERMINATING THIS CASE ON THE DOCKET**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI"). This case is before the Court on Plaintiff's Statement of Errors (Doc. No. 10), the Commissioner's memorandum in opposition (Doc. No. 12), Plaintiff's reply (Doc. No. 13), the administrative record (Doc. No. 9),[1] and the record as a whole.

I.

A. **Procedural History**

Plaintiff filed for SSI on October 5, 2017, alleging a disability onset date of September 26, 2005.[2] PageID 56, 234, 253. Plaintiff claims he is disabled as a result of a number of impairments including, *inter alia*, post-traumatic stress disorder, attention deficit/hyperactivity disorder, "mild intellectual disability," moderate major depressive disorder, Wolff-Parkinson-White syndrome,[3]

---

[1] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.
[2] The Court recognizes that, for SSI claims, the alleged onset date is the same as the application filing date. *See Miller v. Saul*, No. 1:18-CV-811, 2019 WL 3935205, at *4 (N.D. Ohio, Aug. 20, 2019) (and cases cited therein).
[3] "Wolff-Parkinson-White (WPW) syndrome is a condition in which there is an extra electrical pathway in the heart that leads to periods of rapid heart rate (tachycardia). Most people with WPW syndrome do not have any other heart problems." https://medlineplus.gov/ency/article/000151.html (last reviewed Mar. 29,

an abnormal EKG, and dyspnea. PageID 257.

After an initial denial of his application, Plaintiff received a hearing before ALJ Stuart Adkins on September 26, 2019, during which Plaintiff testified. PageID 76-120. The ALJ issued a written decision on November 26, 2019, finding Plaintiff not disabled. PageID 55-70. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of medium work,[4] "[t]here are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 69.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 40-42. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B.  Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 57-69), Plaintiff's Statement of Errors (Doc. No. 10), the Commissioner's memorandum in opposition (Doc. No. 12), and Plaintiff's reply (Doc. No. 13). The undersigned incorporates by reference those summaries and sets forth herein the facts relevant to this appeal.

---

2022). During the administrative hearing before the ALJ, Plaintiff's counsel acknowledged Plaintiff underwent an ablation procedure "that has helped with respect to the irregular heartbeat …." Doc. No. 9 at PageID 82.

[4] The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 416.967. Medium work "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. *Id.* § 416.967(c). An individual who can perform medium work is presumed also able to perform light work. *Id.* Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or…sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* § 416.967(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id.* Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id.* § 416.967(a).

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal determines (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry—reviewing the correctness of the ALJ's legal criteria—may result in reversal even if substantial evidence supports the ALJ's decision. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for SSI, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 1382(a). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to

3

prevent a claimant from (1) performing his or her past work, and (2) engaging in any other "substantial gainful activity" that exists in the national economy. *Id*. § 1382c(a)(3).

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work—and also considering the claimant's age, education, past work experience, and RFC—do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

## III.

In his Statement of Errors, Plaintiff argues the ALJ erred by (1) either overstating or taking out of context the evidence he cited and ignoring a significant amount of evidence that contradicts his findings and conclusions; and (2) improperly weighing the opinions and evidence provided by his long-term treating providers, social worker Sandra Castle, LSW and case manager Mark W. Asbrock, CDLA, QMHS/CMS. Doc. No. 12 at PageID 1305-14; Doc. No. 13.

Having carefully reviewed the administrative record and the parties' briefs, and also having carefully considered the ALJ's analysis leading to the non-disability finding here at issue, the Court finds the ALJ carefully and reasonably developed and reviewed the record; appropriately considered all the medical evidence; properly weighed opinion evidence based upon reasons supported by substantial evidence (including the opinions of Ms. Castle and Mr. Asbrock); reasonably assessed the consistency of Plaintiff's statements regarding his disability with the record as a whole; accurately determined Plaintiff's RFC; posed appropriate hypothetical questions to the vocational expert ("VE"); and appropriately concluded, at Step Five of the sequential evaluation (and in reliance on the VE's sworn testimony), that Plaintiff can perform a significant number of jobs existing in the national economy.

### IV.

Accordingly, the Court **AFFIRMS** the ALJ's non-disability finding as supported by substantial evidence, and **TERMINATES** this case on the docket.

**IT IS SO ORDERED.**

March 30, 2022                                   s/Michael J. Newman
                                                 Hon. Michael J. Newman
                                                 United States District Judge